# Proctor, *et al. v.* Huffman, *et al.*

*Mandatory Injunction.*

(Decided June 3, 1915.   68 South. 969.)

1. *Constitutional Law; Discrimination; Mutual Benefit Association.* —The exemption provided by section 29, Acts 1911, p. 700, is not unconstitutional as an unjust discrimination, since the legislature has a wide discretion in the classification in such matters, and a classification of lodges for purposes of regulation by the number of members or benefits is a reasonable classification.

2. *Insurance; Fraternal Benefit; Regulation; Injunction.*—A bill to restrain an investigation of the affairs of a fraternal benefit society which fails to aver that the society did not have less than 500 members, does not show that it is exempt from investigation under section 29, Acts 1911, p. 700, and the bill is demurrable for that reason.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN C. PUGH.

Bill by Charlotte L. Procter, as Grand Protector of the Grand Lodge Knights and Ladies of Honor of the World, and another, for a mandatory injunction against C. F. Huffman and another. Decree sustaining demurrer to the bill and complainant appeals. Affirmed.

The bill sets up: That the Grand Lodge complainant is a secret benevolent association of local lodges of a society now doing business in Alabama, which provides death benefits to some of its members, not exceeding $300 to any one person, and is not an incorporation engaged in insurance business, and is doing business solely in Alabama, and has its principal place of business at Birmingham. That said organization has for its purpose only the organization of lodges and the association of such persons as may be acceptable to said organization as desire to join its lodges and association for the purpose of participating in the said secret lodges for their mutual benefit and aid, as pro-

vided by its charter and by-laws, and in connection herewith to issue to such members of such association as may apply therefor, and be acceptable to said association, a death benefit not exceeding $300 to any one person. Complainant Proctor avers that she is Grand Protector and has been for the past five years, and is properly holding the said office, having been elected according to the constitution and by-laws of the Association. The bill then proceeds to set up the acts and doings of Mamie Adams, one time Grand Secretary of the tax department of said lodge, tending to destroy the association and to bring dissatisfaction and discord, and that she has resorted to the insurance department of the State of Alabama, which has brought about an order to C. S. Huffman to make some kind of investigation of the books and affairs of said corporation, etc.

EDGAR ALLEN, and ARTHUR L. BROWN, for appellant.

W. L. MARTIN, ATTORNEY GENERAL, and J. P. MUDD, ASSISTANT ATTORNEY GENERAL, for the State

ANDERSON, C. J.—The act of 1911 (page 700), for the regulation and control of fraternal benefit societies, by section 24 provides for the examination into the books and affairs of all domestic societies not exempted by section 29 of the act. So the question of importance in this case is whether or not the complainant's bill brings this society within the exempted class defined in section 29. The section exempts from the operation of the act the grand and subordinate lodges of Masons, Odd Fellows, Knights of Pythias (exclusive of the insurance department of the Supreme Lodge of Knights of Pythias), also many other designated societies or associations, including an association of local lodges

of a society now doing business in this state, which provides death benefits not exceeding $300 to any one person, or disability benefits not exceeding $300 in any one year to any one person, or both, nor to any contract of reinsurance business on such plan in this state. The section further provides that the exemption shall not apply to any such domestic lodge, order, society which has more than 500 members and which provides for death or disability benefits. This provision relates to all of the previously enumerated orders, lodges, or societies which provide death or disability benefits, regardless of the amount of same, if the membership is more than 500. The result is that all orders or associations with no insurance feature are exempt and others are exempt from the law which do not exceed a certain sum as to death and disability benefits, provided they do not have exceeding 500 members, but any death or disability benefit order which has over 500 members is within the statute and is not exempted therefrom by section 29.

(1) We are not impressed with the suggestion of appellant's counsel that section 29 is repugnant to the Constitution upon the idea that it is an unjust and unwarranted discrimination. The Legislature is lodged with wide discretion in such matters, and its classification will not be questioned by the courts, unless it plainly amounts to an unreasonable discrimination. The fact that the orders are classified by the numbers of members and the amount of the death or disability benefits as a basis for immunity or liability is, to us, rather a logical and proper classification, instead of an unreasonable one.

(2) The bill does not aver that the order or association in question did not have exceeding 500 members

and did not therefore bring it within the exemption provided by section 29, and the trial court properly sustained the demurrer to the bill and dissolved the injunction.

The judgment of the circuit court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.