(100 South. 830)

**STATE ex rel. JULIAN, Insurance Com'r, et al. v. UNITED BROTHERS OF AMERICA AND SISTERS OF TRUE LOVE.** (3 Div. 675.)

(Supreme Court of Alabama. June 19, 1924. Rehearing Denied June 30, 1924.)

**Insurance ⬄690 — Fraternal benefit society held exempt from license tax.**

Fraternal benefit society, whose members did not exceed 500, and whose death or disability benefits in any one year did not exceed $300, was, under Fraternal Benefit Society Act, § 29, exempted from payment of annual license tax required by section 15.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill of the State of Alabama, on the relation of Frank N. Julian, Commissioner, of Insurance, and Harwell G. Davis, Attorney General, for writ of quo warranto, etc., to the United Brothers of America and Sisters of True Love. From a decree denying relief, complainant appeals. Affirmed.

Harwell G. Davis, Atty. Gen., and Edwina Falkner, Asst. Atty. Gen., for appellant.

Appellee is not exempt from the provisions of Acts 1911, p. 700, by section 29 thereof.

Rushton, Crenshaw & Rushton, of Montgomery, for appellee.

Respondent, an order or association with no insurance feature, and not exceeding 500 members is exempt from the requirements of the act. Acts 1911, p. 700, § 29; Proctor v. Huffman, 193 Ala. 216, 68 South. 969.

MILLER, J. This is a petition filed by the state of Alabama, on relation of Frank N. Julian, as commissioner of insurance, against the United Brothers of America and Sisters of True Love, a domestic corporation. It avers the defendant has not procured, as the statute requires, an annual license for which it shall pay petitioner annually the sum of $50, under section 15 of the act, General Acts 1911, p. 710, and it has willfully failed and refused to comply therewith. The petition seeks a writ of quo warranto, an injunction restraining the defendant from further exercising any of the grants or powers conferred on it, for the appointment of a receiver, and that it submit all of its books and documents in regard to its business to the petitioners for examination.

The defendant answered that it was exempt under section 29 of this Fraternal Benefit Society Act (Gen. Acts 1911, p. 720) from the payment of this license tax, and is not required to secure the license as it was before and, at all times since this act was approved, has been an association of local lodges of a society doing business in this state, which provides death benefits not exceeding $300 to any one person or disability benefits not exceeding $300 in any year to any person, or both, and that it did not then have, and it has never had, more than 500 members.

The cause was submitted to the court on the bill and answer for final decree by written agreement of the parties. The court by decree held complainant was not entitled to relief, and dismissed the bill of complaint. This appeal is prosecuted by complainant from that decree.

This cause involves the construction of this part of section 29 of the act in General Acts 1911, p. 720:

---

"Nothing contained in this act shall be construed to affect or apply * * * to an association of local lodges of a society now doing business in this state which provides death benefits not exceeding three hundred dollars to any one person, or disability benefits not exceeding three hundred dollars in any year to any one person, or both, * * * Provided, always, that any such domestic order or society which has more than five hundred members, and provides for, death or disability benefits, and any such domestic lodge, order or society which issues to any person a certificate providing for the payment of benefits, shall not be exempt by the provisions of this section, but shall comply with all the requirements of this act."

This section 29 of the act has been interpreted by this court, and the question here presented was practically settled in Proctor v. Huffman, 193 Ala. 216, 68 South. 969.

The pleading and agreed facts clearly show the defendant is a society composed of an association of local lodges. It was organized and incorporated in this state, and was doing business therein when this act was approved. It provides for its members death benefits not exceeding $300 to any one person or disability benefits not exceeding $300 in any one year to any one person, or both. The membership of the defendant has never exceeded 500. Hence we must hold section 15 of the act requiring an annual license of $50 to be paid to the commissioner of insurance does not apply to this defendant. The defendant under the admitted facts is exempted by that part of section 29 of the act quoted above from the payment of this annual license tax required by section 15 of the act. The proviso applies to the defendant; but the defendant does not come within its provisions making it liable for the license tax and subject to the act because its membership does not now and has never exceeded 500. Proctor v. Huffman, 193 Ala. 216, 68 South. 969.

The decree of the trial court is free from error, and it is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.